# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LOUIS POSLOF,<br><br>    Plaintiff,<br><br>    v.<br><br>HONORABLE F. DANA WALTON, ROBERT BROWN DA, Esq., CHP Officer D.P. SWEENEY 18088, SUPERIOR COURT MARIPOSA COUNTY, DISTRICT ATTORNEY MARIPOSA COUNTY, CALIFORNIA HIGHWAY PATROL AREA 455, COUNTY OF MARIPOSA, "And all other John Does."<br><br>    Defendants. | 1:11-cv-01407 LJO GSA<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED OR OTHER SANCTIONS IMPOSED FOR PLAINTIFF'S APPARENT MISREPRESENTATIONS TO THIS COURT CONCERNING HIS APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT** |

Plaintiff Steven Louis Poslof filed a civil rights complaint with this Court on August 23, 2011. (Doc. 1.) On that same date, Plaintiff filed an Application to Proceed Without Prepayment of Fees and Affidavit, seeking to be excused from having to pay the required $350.00 filing fee. (Doc. 2.) Following review of the application, this Court orders as follows.

//

//

1

1    In his Application, Plaintiff declares, under penalty of perjury, that he is neither currently
2 incarcerated nor currently employed. (Doc. 2 at 1.) By answering "no" to the inquiry of whether
3 or not he was currently employed, Plaintiff was queried further:

4    b.   If the answer is "No," state the date of your last employment, the amount
        of your take-home salary or wages and pay period and the name and
5       address of your last employer.

6 (Doc. 2 at 1.) Plaintiff responded "N/A." Plaintiff then goes on to declare he does not receive
7 "any money" from any: business, profession or other self-employment; rent, payments, interest or
8 dividends; pensions, annuities or life insurance payments; disability or workers' compensation
9 payments; gifts or inheritances; or any other sources. (Doc. 2 at 1.) Next, Plaintiff claims he
10 does not have "any cash or checking or savings accounts," does not own any real estate, stocks,
11 bonds, securities, automobiles nor any other thing of value. (Doc. 2 at 3.)
12    Despite Plaintiff's assertion that he has not received any money in the past twelve months
13 from any business or other self-employment, this Court has serious concerns regarding the
14 accuracy of Plaintiff's statements. More particularly, an Internet search revealed that Plaintiff is
15 in fact the owner of a business in Merced, California, to wit: IP Clear Networks, LLC. The
16 business address associated with IP Clear Networks, LLC, is the same contact address Plaintiff
17 provided to the Court on his complaint: 731 E. Yosemite Avenue, Suite B, Merced, California
18 95340. *See* http://kepler.sos.ca.gov/cbs.aspx; *see also*
19 http://www.merchantcircle.com/business/IP.Clear.Networks [business address and phone number
20 match those provided to this Court & Plaintiff is identified as a business owner with six
21 employees].
22    Additionally, on the website maintained by IP Clear Networks, LLC, the "Contact Us"
23 tab also provides a telephone number that matches the telephone number Plaintiff provided to the
24 Court on his complaint: (209) 230-5750. Notably too, the website indicates "IP Clear was
25 established in 2001." *See* http://www.ipclearnetworks.com. Further, the IP Clear Networks,
26 LLC, website indicates the business provides "IT Services, Phone Services, Business Services,"
27
28                                        2

1  and also offers "a wide range of products for your home and business."
2  http://www.ipclearnetworks.com.
3      The Court also notes recent business activity where a Better Business Bureau file was
4  opened regarding a complaint against IP Clear Networks on May 13, 2011.  The primary contact
5  for the business is identified as Steven Poslof.  *See* http://www.bbb.org/central-
6  california/business-reviews/computers-programming/ip-clear-networks.
7      In light of the foregoing, it appears that Plaintiff has misrepresented his poverty status to
8  this Court.  Plaintiff is advised that false statements directed to this Court will not be tolerated.
9  Such false statements may result in a recommendation that this matter be dismissed in its entirety
10 or that another sanction be imposed.
11     **Steven Louis Poslof** is hereby **ORDERED** to show cause, if any, why the action should
12 not be dismissed, or why other sanctions should not be imposed, for his apparent
13 misrepresentations to this Court concerning his earning capacity and ability to pay the required
14 filing fee.  Mr. Poslof shall personally appear at the hearing on this Order scheduled for
15 **Wednesday, October 26, 2011 at 10:30 a.m. in Courtroom 10** of this Court.[1]

19     IT IS SO ORDERED.
20     **Dated:    August 30, 2011**            /s/ **Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is advised that the Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint raises claims that are legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)&(2). The Court will direct the United States Marshal to serve Plaintiff's complaint only after the Court has screened the complaint and determined that it contains cognizable claims for relief against the named defendants. This Court has a large number of such cases pending before it and will screen Plaintiff's complaint in due course *and only after the Order to Show Cause hearing* referenced above.