# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LOUIS POSLOF,<br><br>    Plaintiff,<br><br>v.<br><br>HONORABLE F. DANA WALTON,<br>ROBERT BROWN DA, Esq., CHP Officer<br>D.P. SWEENEY 18088, SUPERIOR COURT<br>MARIPOSA COUNTY, DISTRICT<br>ATTORNEY MARIPOSA COUNTY,<br>CALIFORNIA HIGHWAY PATROL AREA<br>455, COUNTY OF MARIPOSA, "And all<br>other John Does."<br><br>    Defendants. | 1:11-cv-01407 LJO BAM<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS; REDUCING FILING FEE** |

      Plaintiff Steven Louis Poslof ("Plaintiff") filed a civil rights complaint with this Court on August 23, 2011. (Doc. 1.) On that same date, Plaintiff filed an Application to Proceed In Forma Pauperis ("IFP"), seeking to be excused from having to pay the required $350.00 filing fee. (Doc. 2.) On August 30, 2011, United States Magistrate Judge Gary S. Austin issued an Order to Show Cause, believing Plaintiff had misrepresented his financial status in the IFP Application. (Doc. 3.) Plaintiff filed a Writ of Mandamus to the Ninth Circuit, challenging Judge Austin's Order to Show Cause, which was subsequently denied. (Doc. 6, 7, 10.) The case was reassigned to United States Magistrate Judge Barbara A. McAuliffe, and the hearing on the

previous Order to Show Cause was reinstated. (Doc. 4, 11.)  Plaintiff filed a written response to the Order to Show Cause on December 5, 2011. (Doc. 12.)  The Court held a hearing on the Order to Show Cause on December 9, 2011.  (Doc. 14.)  Plaintiffs appeared pro per and presented arguments to the Court.

**I.     DISCUSSION**

An indigent party may be granted permission to proceed "in forma pauperis" upon submitting an affidavit showing his or her inability to pay the required fees. 28 USC § 1915(a). Filing fees may also be waived in part.  If the court finds that persons proceeding in forma pauperis can afford to pay a reduced filing fee, it may order them to do so. *Olivares v. Marshall* 59 F3d 109, 111  (9th Cir. 1995)  The determination of whether a plaintiff is indigent and therefore unable to pay the filing fee falls within the court's sound discretion. *California Men's Colony v. Rowland,* 939 F.2d 854, 858 (9th Cir. 1991) (reversed on other grounds.) Where the applicant has knowingly provided inaccurate information on his or her in forma pauperis application, a court is authorized to dismiss the action with prejudice. *See Thomas v. Gen'l Motors Acceptance Corp.,* 288 F.3d 305, 306 (7th Cir. 2002); *Attwood v. Singletary,* 105 F.3d 610, 612-13 (11th Cir. 1997).

In Plaintiff's IFP Application, Plaintiff declares, under penalty of perjury, that he does not receive "any money" from any: business, profession or other self-employment; rent, payments, interest or dividends; pensions, annuities or life insurance payments; disability or workers' compensation payments; gifts or inheritances; or any other sources.  (Doc. 2 at 1.)  Next, Plaintiff claims he does not have "any cash or checking or savings accounts," does not own any real estate, stocks, bonds, securities, automobiles nor any other thing of value. (Doc. 2 at 3.) Additionally, where the IFP Application requested Plaintiff state "the date of [his] last employment, the amount of [his] take-home salary or wages and pay period and the name and address of [his] last employer," Plaintiff's response was "N/A."  (Doc. 2 at 1.)

2

In light of these representations, Judge Austin concluded Plaintiff has misrepresented his poverty status to the Court. (Doc. 3, 3: 7-8.) Plaintiff responded, both in his written response and at the December 9 hearing, that Plaintiff had not misrepresented himself to the Court, and that the Court mistakenly presumed "N/A" to mean "Not Applicable," rather than Plaintiff's intended meaning, "Not Available." (Doc. 12.)

The Court finds this argument unpersuasive. The issue for the Court is not whether the terminology "N/A" has any particular common meaning. Rather, the issue is that Plaintiff has failed to be truthful about his property and assets in his IFP Application. Plaintiff responded "no" to every question seeking to identify financial or tangible assets. Plaintiff represented he had absolutely no income, property or subsistence and absolutely no way to provide for his existence. However, he had some businesses, property and Plaintiff was obtaining assistance from others.[1] Plaintiff failed to disclose any such information in his IFP Application. In short, the only way Plaintiff's IFP Application is not tantamount to a misrepresentation of his poverty status is if he were homeless and never received a charitable dollar in the past twelve months - something Plaintiff has acknowledged is not the case. Plaintiff's lack of candor and cavalier treatment of his poverty status in completing his IFP Application demonstrates that Plaintiff has not been entirely truthful.

Plaintiff does not have a right to proceed informa pauperis. It is a privilege. It is a privilege which will be granted only upon full and complete truthful statements made to this Court. Plaintiff's representations in his IFP Application are not the full and complete truth. The Court would be well within its discretion to dismiss Plaintiff's claims for such misrepresentations.

At this time, however, the Court will employ the lesser sanction of denying Plaintiff's Application to Proceed In Forma Pauperis. Plaintiff's arguments at the December 9 hearing have

---

[1] Notably, Plaintiff stated at the December 9 hearing that he does in fact receive food stamps. He also submitted two affidavits, which the court considered, from people who are providing him with regular financial assistance.

3

1 | convinced the Court that a reduction in the filing fee is warranted.  Therefore, the Court will
2 | reduce the filing fee to $200.00.  Plaintiff is hereby instructed to submit a filing fee of $200.00
3 | within 30 days of the date of this Order.  **Failure to pay this filing fee will result in dismissal**
4 | **of the action.**

6 | IT IS SO ORDERED.

8 | Dated:   December 9, 2011                /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE