1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LOUIS POSLOF, ) | 1:11-cv-01407 LJO BAM |
| ) | |
| Plaintiff, ) | **FINDINGS AND RECOMMENDATIONS** |
| ) | **REGARDING PLAINTIFF'S MOTION** |
| v. ) | **TO PROCEED IN FORMA PAUPERIS;** |
| ) | **PLAINTIFF'S MOTION FOR DEFAULT** |
| HONORABLE F. DANA WALTON, ) | **JUDGMENT** |
| ROBERT BROWN DA, Esq., CHP Officer ) | |
| D.P. SWEENEY 18088, SUPERIOR COURT ) | |
| MARIPOSA COUNTY, DISTRICT ) | |
| ATTORNEY MARIPOSA COUNTY, ) | |
| CALIFORNIA HIGHWAY PATROL AREA ) | |
| 455, COUNTY OF MARIPOSA, "And all ) | |
| other John Does." ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## I.   INTRODUCTION

Plaintiff Steven Louis Poslof ("Plaintiff") filed a civil rights complaint with this Court on August 23, 2011. (Doc. 1.) On that same date, Plaintiff filed an Application to Proceed *in forma pauperis* (Plaintiff's "IFP Application"), seeking to be excused from having to pay the required $350.00 filing fee. (Doc. 2.) The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 30, 2011, United States Magistrate Judge Gary S. Austin issued an Order to Show Cause, believing Plaintiff had misrepresented his financial status in the IFP Application. (Doc. 3.) Plaintiff filed a Writ of Mandamus to the Ninth Circuit, challenging Judge Austin's Order to Show Cause, which was subsequently denied. (Doc. 6, 7, 10.) The case was reassigned

1  to United States Magistrate Judge Barbara A. McAuliffe, and the hearing on the previous Order

2  to Show Cause was reinstated. (Doc. 4, 11.)  Plaintiff filed a written response to the Order to

3  Show Cause on December 5, 2011. (Doc. 12.)  The Court held a hearing on the Order to Show

4  Cause on December 9, 2011.  (Doc. 14.)  Plaintiffs appeared in pro per and presented arguments

5  to the Court.

6    On December 13, 2011, the Court denied Plaintiff's IFP Application. (Doc. 15.)  The

7  Court's denial of Plaintiff's IFP Application was based on Plaintiff's lack of candor and

8  truthfulness regarding his poverty status.  (Doc. 15, 3: 6-22.)  Plaintiff subsequently filed an

9  interlocutory appeal to the United States Court of Appeals for the Ninth Circuit, challenging the

10  Court's denial of Plaintiff's IFP Application.  (Doc. 16.)  On February 28, 2012, the Ninth

11  Circuit transferred Plaintiff's claims back to this Court for the following reasons: (1) the Ninth

12  Circuit lacked jurisdiction over the appeal because a magistrate judge order was not final or

13  appealable; and (2) the magistrate judge lacked authority to deny *in forma pauperis* status.  (Doc.

14  22.)  The next day, plaintiff filed a "emergency motion for default" against the defendants and

15  requested entry of $800,000 in damages per count.  (Doc. 23.)

**II.   DISCUSSION**

17  **A. Plaintiff's IFP Application**

18    An indigent party may be granted permission to proceed "in forma pauperis" upon

19  submitting an affidavit showing his or her inability to pay the required fees. 28 U.S.C. § 1915(a).

20  Filing fees may also be waived in part.  If the court finds that persons proceeding *in forma*

21  *pauperis* can afford to pay a reduced filing fee, it may order them to do so. *Olivares v. Marshall*

22  59 F3d 109, 111  (9th Cir. 1995)  The determination of whether a plaintiff is indigent and

23  therefore unable to pay the filing fee falls within the court's sound discretion.  *California Men's*

24  *Colony v. Rowland,* 939 F.2d 854, 858 (9th Cir. 1991) (reversed on other grounds.) Where the

25  applicant has knowingly provided inaccurate information on his or her *in forma pauperis*

26  application, a court is authorized to dismiss the action with prejudice.  *See Thomas v. Gen'l*

27  *Motors Acceptance Corp.,* 288 F.3d 305, 306 (7th Cir. 2002); *Attwood v. Singletary,* 105 F.3d

28  610, 612-13 (11th Cir. 1997).

1    In Plaintiff's IFP Application, Plaintiff declares, under penalty of perjury, that he does not

2 receive "any money" from any: business, profession or other self-employment; rent, payments,

3 interest or dividends; pensions, annuities or life insurance payments; disability or workers'

4 compensation payments; gifts or inheritances; or any other sources.  (Doc. 2 at 1.)  Next, Plaintiff

5 claims he does not have "any cash or checking or savings accounts," does not own any real

6 estate, stocks, bonds, securities, automobiles nor any other thing of value. (Doc. 2 at 3.)

7 Additionally, where the IFP Application requested Plaintiff state "the date of [his] last

8 employment, the amount of [his] take-home salary or wages and pay period and the name and

9 address of [his] last employer," Plaintiff's response was "N/A."  (Doc. 2 at 1.)

10    In light of these representations, Judge Austin concluded Plaintiff had misrepresented his

11 poverty status to the Court.[1]  (Doc. 3, 3: 7-8.)  Plaintiff responded, both in his written response

12 and at the December 9, 2012 hearing, that Plaintiff had not misrepresented himself to the Court,

13 and that the Court mistakenly presumed "N/A" to mean "Not Applicable," rather than Plaintiff's

14 intended meaning, "Not Available." (Doc. 12.)  The Court finds this argument unpersuasive.  The

15 issue for the Court is not whether the terminology "N/A" has any particular common meaning.

16 Rather, the issue is that Plaintiff has failed to be truthful about his property and assets in his IFP

17 Application.

18    Plaintiff responded "no" to every question seeking to identify financial or tangible assets.

19 Plaintiff represented he had absolutely no income, property or subsistence and absolutely no way

20 to provide for his existence.  Plaintiff made no effort to qualify these responses to explain how

21 Plaintiff was able to support his most basic needs for survival.  To the contrary, it was revealed at

22 the December 9, 2012 hearing that Plaintiff did have prior businesses, property, and Plaintiff was

23 obtaining assistance from others.[2]  Plaintiff failed to disclose any such information in his IFP

24

25    [1] Judge Austin's Order was skeptical of Plaintiff's representations that he had not received any money from
26 any source in the past twelve months, nor did Plaintiff have any assets or any tangible thing of value.  (Doc. 3, 2: 6-11.)  Additionally, Judge Austin found that an internet search revealed Plaintiff was the owner of a business called IP Clear Networks, LLC, which had not been disclosed in the IFP Application. (Doc. 3, 2: 12-19.)

27

28    [2] Notably, Plaintiff stated at the December 9, 2012 hearing that he does in fact receive food stamps.  He also submitted two affidavits, which the court considered, from people who are providing him with regular financial assistance.

1  Application.  In short, the only way Plaintiff's IFP Application is not tantamount to a

2  misrepresentation of his poverty status is if he were homeless and never received a charitable

3  dollar in the past twelve months - something Plaintiff has acknowledged is not the case.

4       However, Plaintiff was more candid with the Court at the December 9, 2012 hearing.

5  Plaintiff admitted at the hearing that he received state assistance in the form of food stamps.

6  Plaintiff also submitted two affidavits which indicated he was not receiving any regular income,

7  but that he was receiving financial assistance from others for his basic living necessities.

8  Plaintiff also explained that the business referenced in Judge Austin's order was no longer

9  operational when the IFP application was made.

10      What continues to be troubling to the Court, however, is that Plaintiff maintains he was

11  not untruthful in his IFP Application and made full disclosure of his financial status.  Plaintiff's

12  testimony at the December 9, 2012 hearing contradicted several important and relevant responses

13  Plaintiff provided in his IFP Application.   The Court is further troubled by Plaintiff's insistence

14  that the rules regarding candor to the Court do not apply to him because he is not an attorney.

15  Plaintiff is mistaken.  All individuals appearing before this Court, whether licensed by the State

16  of California to practice law or appearing in pro se, are required to be truthful and forthcoming

17  with the Court.

18      On the whole, Plaintiff's lack of candor and cavalier treatment of his poverty status in

19  completing his IFP Application demonstrates that Plaintiff has not been entirely truthful. Plaintiff

20  does not have a right to proceed *in forma pauperis*.  It is a privilege.   It is a privilege which will

21  be granted only upon full and complete truthful statements made to this Court.  Plaintiff's

22  representations in his IFP Application are not the full and complete truth.  The Court would be

23  well within its discretion to dismiss Plaintiff's claims for such misrepresentations.

24      At this time, however, the Court will employ the lesser sanction of denying Plaintiff's

25  Application to proceed *in forma pauperis*.  Plaintiff was reasonably forthcoming with the Court

26  at the December 9, 2012 hearing, and the Court will not deny Plaintiff's IFP Application outright.

27  Rather, Court will reduce the filing fee to $200.00.  Based on the testimony and affidavits

28  presented to the Court at the December 9, 2012 hearing, the Court believes Plaintiff can afford

4

1  this reduced filing fee.  As such, requiring Plaintiff pay the reduced filing fee is within the

2  Court's discretion.

3  **B.    Plaintiff's Emergency Motion for Default Judgment**

4          A district court lacks the authority to issue a default judgment against a party that has not

5  been issued service of process in a manner that complies with Rule 4 of the Federal Rules of

6  Civil Procedure.  *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685,

7  688 (9th Cir.1988) (stating that "[a] federal court does not have jurisdiction over a defendant

8  unless the defendant has been served properly" under Fed. R. Civ. P. 4, requiring service of

9  summons and complaint).  Where the party seeking default judgment has not shown that the

10  defendant has been provided with adequate notice of an action, "it is inappropriate to conclude

11  that the defendant 'has failed to plead or otherwise defend' " under Fed. R. Civ. P. 55(a).  *See*

12  *Downing v. Wanchek*, 2009 WL 256502, at *3 (E.D. Cal. Jan. 30, 2009).

13          This Court recommends that the motion for default be denied without prejudice.  Plaintiff

14  has not served defendant with the summons and complaint.  Fed.R.Civ.P. 4.  Plaintiff is not

15  entitled to have the summons issued or affect service of process because Plaintiff has not paid the

16  required filing fee or been granted permission to proceed *in forma pauperis*.  Plaintiff is not

17  entitled to obtain any relief from the Court until all required fees are paid.  Local Rule 121(c).

18  Until Plaintiff is granted permission to proceed *in forma pauperis* or pays the required fees, and

19  the defendants properly are served, the Court cannot enter judgment on Plaintiff's behalf.

20  Indeed, the recent Ninth Circuit decision did not resolve the merits of either Plaintiff's IFP

21  Application or the merits of Plaintiff's claims.

22          Plaintiff argues that he is entitled to relief because the case has been pending for seven

23  months without any answer by defendants.  A defendant is not required to respond to a complaint

24  that has not been served pursuant to Fed.R.Civ.P. 4.  Further, the delay in the case is the result of

25  plaintiff's actions.  Plaintiff has appealed, by emergency writs of mandate, each interlocutory

26  order entered by the Magistrate Judges assigned to this case. Absent proper payment of fees and

27  proper service on defendants, plaintiff is not entitled to entry of judgment.

28  //////

1

## III.   RECOMMENDATION

2       Based on the foregoing, the Court RECOMMENDS that:

3   1.      Plaintiff's Application to Proceed *in forma pauperis* be denied;

4   2.      Plaintiff be required to pay a reduced filing fee of $200.00;

5   3.      Plaintiff's Emergency Motion for Default Judgment be denied.

6       These findings and recommendations will be submitted to the Honorable Lawrence J.

7   O'Neill pursuant to the provisions of Title 28 of the United States Code section 636(b)(l).

8   Within fifteen (15) days after being served with these findings and recommendations, the parties

9   may file written objections with the Court.  The document should be captioned "Objections to

10  Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file

11  objections within the specified time may waive the right to appeal the District Court's order.

12  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

13      IT IS SO ORDERED.

14  **Dated:   March 2, 2012**          **/s/ Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28